UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:09-CR-79 |
| | ) | (JORDAN/SHIRLEY) |
| DANNY LEE MONDAY, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This case is before the Court on the Defendant's Request to Review Appointment of Counsel [Doc. 103], filed on August 11, 2009, and referred to the undersigned on August 19, 2009 [Doc. 118] pursuant to 28 U.S.C. § 636(b). The parties appeared before the undersigned on August 25, 2009, for a hearing on the Defendant's Request. Assistant United States Attorney David Lewen appeared on behalf of the government. Attorney Linda Mulligan Hoag, appointed counsel for the defendant, was present, as were the Defendant and Attorney Andy S. Roskind.

The Defendant's Request asks the Court to review the appointment of defense counsel and to appoint new counsel. At the August 25 hearing, Attorney Hoag explained that the Defendant expressed his desire to terminate her representation on August 10, 2009, and that she believed that the Defendant did not wish to communicate with her anymore after that date. Attorney Hoag stated that she believed that the Defendant had completely lost faith in her opinions about how to proceed with the case and her ability to represent him effectively. Attorney Hoag further stated that she believed that the Defendant's loss of faith was predicated on his perception that she lacked sufficient experience to handle his case. Attorney Hoag acknowledged that she did have limited

experience as a defense attorney in federal court and she concluded that it was in the Defendant's best interest that new counsel be substituted for her. The government objected to the Defendant's Request for new counsel and noted that (1) Attorney Hoag was deemed by the Court to have sufficient experience to be appointed to this case originally; and (2) the Court should not appoint new counsel for a defendant based merely on the defendant's whim.

The Court asked the government to leave the courtroom and conducted a sealed, *ex parte* hearing to inquire into the reasons for the Defendant's dissatisfaction with his representation by Attorney Hoag. The Court heard confidential and private statements from Attorney Hoag and the Defendant in order to determine whether good cause for the appointment of new counsel exists in this case. The rule in this Circuit is that a defendant seeking to substitute counsel "must show good cause such as a conflict of interest, a complete breakdown in communication or an irreconcilable conflict with his attorney in order to warrant substitution." Wilson v. Mintzes, 761 F.2d 275, 280 (6th Cir. 1985). Based upon the statements of Attorney Hoag and the Defendant in the *ex parte* hearing, the Court finds that the trust vital to the attorney-client relationship between Attorney Hoag and the Defendant is irreparably and irretrievably broken.

After carefully considering the positions of the Defendant, defense counsel, and the government, the Court concludes that the Defendant's Request is well-taken and that good cause exists to substitute new counsel for Attorney Hoag. The Defendant's Request for new counsel **[Doc. 103]** is **GRANTED**, and Attorney Hoag is relieved as counsel for the Defendant.

The Court recognizes the need for the Defendant to be continuously represented by counsel. At the August 25, 2009 hearing, Attorney Andy S. Roskind agreed to undertake representation of the Defendant. The Court therefore and hereby substitutes and appoints Attorney

Roskind under the Criminal Justice Act (CJA) as counsel of record for the Defendant. The Court informed Attorney Roskind that the trial of this case was set for August 31, 2009. Attorney Roskind made an oral motion to continue the trial so that he could familiarize himself with the case and prepare for trial. The government had no objection to the motion, and the parties agreed to a new trial date of October 26, 2009.

The Court finds, and the parties agree, that defense counsel's oral motion to continue the trial is well taken and that the ends of justice served by granting a continuance outweigh the best interest of the Defendant and the public in a speedy trial. See 18 U.S.C. § 3161(h)(7)(A). At the time of the hearing, the trial of this case was set for August 31, 2009. Requiring the Defendant's new counsel to proceed to trial without the reasonable time necessary to prepare would likely result in a miscarriage of justice. See 18 U.S.C. § 3161(h)(7)(B)(i), - (iv). Attorney Roskind needs time to meet with the Defendant, to review the discovery and the case file, and to prepare for trial. The Court finds that this could not take place before the August 31, 2009 trial date or in less than two months. Thus, without a continuance, defense counsel would not have the reasonable time necessary to prepare for trial despite his use of due diligence. See 18 U.S.C. § 3161(h)(7)(B)(iv).

Accordingly, the Defendant's oral motion to continue the trial is **GRANTED**, and the trial of this matter is reset to **October 26, 2009, at 9:00 a.m.** The Court finds that all of the time between the **August 25, 2009** hearing and the new trial date of **October 26, 2009**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. See 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A), (h)(7)(B)(i), and - (iv). With regard to other scheduling in the case, the plea negotiation deadline is set as **October 7, 2009**, as agreed by the parties.

Accordingly, it is ordered:

(1) The Defendant's Request to Review Appointment of Counsel **[Doc. 103]** is **GRANTED**;

(2) Attorney Linda Mulligan Hoag is relieved as counsel for the Defendant and Attorney Andy S. Roskind is substituted as the Defendant's counsel of record under the CJA;

(3) The Defendant's oral motion to continue the trial is **GRANTED**;

(4) The trial of this matter is reset to commence on **October 26, 2009, at 9:00 a.m.**, before the Honorable Leon Jordan, United States District Judge;

(5) All time between the **August 25, 2009** hearing, and the new trial date of **October 26, 2009**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein; and

(6) The plea negotiation deadline in this case is set as **October 7, 2009**.

**IT IS SO ORDERED.**

ENTER:

    s/ C. Clifford Shirley, Jr.
United States Magistrate Judge

-4-

Case 3:09-cr-00079-RLJ-CCS   Document 129   Filed 08/26/09   Page 4 of 4   PageID #: 328